[Davis v. The State.]

# Davis *v.* The State.

## *Murder.*

(Decided July 2, 1907.   44 South. 561.)

1. *Criminal Law; Reasonable Doubt.*—The doubt to authorize an acquittal must be a reasonable doubt and not a mere doubt or speculation.

2. *Same; Instruction; Credibility of Witness.*—As to the weight which shall be given the testimony it is solely within the province of the jury to determine.

3. *Same; Defendant's Testimony.*—While defendant is a competent witness in his own behalf the jury are authorized to weigh his testimony along with the other testimony, in the light of the fact that he is the defendant and interested in the result.

4. *Homicide; Self Defense.*—A charge asserting that in considering who was the aggressor the jury should consider whether deceased was a dangerous and quarrelsome man and that if he was the law says that the defendant would be justified, etc., is argumentative and he is the defendant and interested in the result.

5. *Criminal Law; Reasonable Doubt.*—Malice not being an essential element of manslaughter, and the indictment including that charge as well as that of murder, a charge asserting that if the state had failed to convince the jury beyond all reasonable doubt of any essential element necessary to prove defendant's guilt beyond all reasonable doubt, is misleading and properly refused.

6. *Trial; Abstract Instructions.*—In the absence of evidence tending to show that defendant was in such a condition it was proper to refuse an instruction as abstract, which asserted that if defendant was intoxicated to the extent that his reasoning faculties were impaired and his mental volition destroyed, so that he could not form a purpose or design, the jury could conclude that he did not fight willingly.

7. *Same; Unintelligible Instructors.*—A charge is unintelligible and incomplete which asserts "that an assault with the hand or fist never justifies nor excuses the homicide under ordinary circumstances, and it is for you to decide whether the facts in this case are within the ordinary reason or not."

8. *Criminal Law; Reasonable Doubt; Defendant's Character.*—An instruction asserting that the fact that defendant is a man of good character may be sufficient to generate in the jury's mind a reasonable doubt of his guilt, assumes a fact and is properly refused.

9. *Trial; Instructions; Undue Prominence.*—A charge asserting that if defendant was too drunk to form a design the jury might look to that fact in determining whether he provoked the difficulty,

was not only argumentative but gave undue prominence to one feature of the evidence.

10. *Homicide; Self Defense.*—A charge asserting that if defendant did no more than answer one epithet with another until decedent in a threatening manner approached him, and if defendant lightly tapped decedent on the shoulder with his hand and told him to stand back, that, without more, would not constitute a provocation of the difficulty, is invasive of the province of the jury.

11. *Criminal Law; Reasonable Doubt.*—A charge asserting that if the jury are unable to say beyond all reasonable doubt that defendant was not free from fault in bringing on the difficulty, defendant would be entitled to the benefit of the doubt and the jury should take it for granted that defendant was free from fault was properly refused as invading the province of the jury.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Alex Davis was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were given at the request of the state: "(1) It is not a mere doubt that authorizes an acquittal. The doubt that authorizes an acquittal must be a reasonable one. (2) You are the sole judges as to the weight that should be given to the testimony. (3) The defendant is a competent witness in his own behalf. Yet, in considering his testimony, you would be authorized to weigh it in the light of the interest he has in the result of your verdict, together with all the testimony in the case."

The following charges were refused to the defendant: "(18) In considering whether Underwood or Davis was the aggressor in bringing on the difficulty, the jury should consider whether or not Underwood's character was that of a quarrelsome, dangerous, fighting man; and, if he was such, the law says that Davis was justified in taking more prompt and decisive measures of defense, if Underwood was the aggressor. (19) If the state has failed to convince you beyond all reasonable doubt of any essential element necessary to prove defendant's guilt beyond all reasonable doubt, you should acquit

him.   (20) If you find from all the evidence that the de-
fendant was intoxicated, and that he was under the in-
fluence of whiskey to the extent that he staggered when
he walked, and that the intoxication was such that his
reasoning faculties were impaired and his mental voli-
tion destroyed, so that he could not form a purpose or
design, then you are authorized to come to the conclu-
sion that he did not fight willingly.   (21) Gentlemen of
the jury, I charge you that an assault with the hand or
fist never justifies nor excuses the homicide under ordi-
nary circumstances, and it is for you to decide whether
the facts in this case are within the ordinary reason or
not.   (22) If you find from all the evidence in this case
that the defendant is a man of good character, this may
be sufficient to generate in your minds a reasonable
doubt of his guilt.   (23) If, from all the evidence in this
case, you find that the defendant was too drunk to form
a design, you may look to that fact in determining
whether or not the defendant provoked or brought on
the difficulty.   (24) If you find from the evidence that
the defendant did no more than answer one epithet by
applying another until Underwood started towards him
in a threatening manner, and if the evidence further
shows that the defendant lightly tapped Underwood on
the shoulder with his hand, and told him to stand back,
then this, without more, would not constitute a provok-
ing of the difficulty.   (25) If, from all the evidence, you
are unable to say beyond all reasonable doubt that de-
fendant was not free from fault in bringing on the diffi-
culty, then I charge you that the defendant would be
entitled to the benefit of the doubt, and in further con-
sidering the case it would be your duty to take it for
granted that defendant was free from fault.   (26) The
court charges the jury that they have a right to take
into consideration the known fussy or dangerous charac-

[Davis v. The State.]

ter of Underwood, if you find that to be true, in deter-
mining whether or not the surrounding circumstances
were such as to impress a reasonably prudent man that
he was in great danger of life or limb."

HOWARD & HUNT, for appellant.  The court erred in
refusing to give written charges 18 and 26.—*Rhea v. The
State,* 100 Ala. 119; *Karr v. The State,* Id. 4; *DeArman
v. The State,* 71 Ala. 351; *Long v. The State,* 84 Ala. 1;
*Smith v. The State,* 88 Ala. 73.  The court erred in re-
fusing charge 21.—*George v. The State,* 40 South. 15.

ALEXANDER M. GARBER, Attorney General, for the
State.  No brief came to the Reporter.

DENSON, J.—The defendant was tried and convicted
under an indictment which charges murder in the sec-
ond degree, and was sentenced to imprisonment in the
penitentiary for a period of 10 years.

The only questions presented by the record for consid-
eration relate to charges given at the request of the state
and charges refused to the defendant.  We find no fault
with the charges in writing given at the request of the
state.

Charge 18 is argumentative, and was well refused.—
*Stewart's Case,* 133 Ala. 105, 31 South. 944.

The indictment is for murder in the second degree;
but it embraces manslaughter, and under it, if the jury
had not been convinced beyond a reasonable doubt of
defendant's guilt of murder in the second degree, but
had been convinced beyond a reasonable doubt that he
was guilty of manslaughter, the defendant could have
been convicted of that offense.  The elements composing
the two offenses are not the same.  Under charge 19, if
it had been given, the jury might have been misled to
believe that, if the evidence failed to show beyond a rea-

sonable doubt that malice (an essential element of murder, but not of manslaughter) existed, they should acquit the defendant entirely. For this reason the charge was properly refused.—*Stoball's Case,* 116 Ala. 454, 23 South. 162; *Thompson's Case,* 131 Ala. 18, 31 South. 725; *Littleton's Case,* 128 Ala. 31, 29 South. 390.

Charge 20 is abstract. There is no evidence in the record tending to show that defendant's "reasoning faculties were impaired and his mental volition destroyed," as hypothesized in the charge.

Charge 21 was properly refused. The charge is unintelligible and incomplete.

Charge 22 has been many times condemned.—*Scott's Case,* 133 Ala. 112, 32 South. 623.

Charge 23 is argumentative and gives undue prominence to a part of the evidence.

Charge 24 is invasive of the province of the jury, besides being otherwise bad.

Charge 25 was properly refused. The jury, after considering all the evidence, might have been unable to say beyond a reasonable doubt that the defendant was not free from fault, yet upon further consideration might have been able to reach the conclusion beyond a reasonable doubt that he was not free from fault. The latter part of the charge contemplates a further consideration of the evidence, but requires the jury, in such further consideration, to take it for granted that the defendant was free from fault. This is a clear invasion of the province of the jury.

Charge 26 was properly refused. Under it, if the jury should have determined that the deceased was a "fussy" character or man, they were required to consider that character in determining whether the circumstances were such as to impress a reasonably prudent man that he was in great danger of life or limb. The jury might

have found that the deceased was a quarrelsome character, and yet failed to be convinced that he was a dangerous or bloodthirsty man. Moreover, the charge is argumentative.—*Rhea's Case*, 100 Ala. 119, 14 Southfl 853.

There is no error in this record, and the judgment of conviction will be affirmed.

.Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.