(75 South. 721)

SHERARD v. STATE. (8 Div. 423.)

(Court of Appeals of Alabama. May 8, 1917.)

1. FALSE PRETENSES &39—CORPUS DELICTI —PROOF.

Proof of the falsity of the alleged pretense is essential to the establishment of the corpus delicti in a prosecution for obtaining money by false pretenses.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 54.]

2. CRIMINAL LAW ⬤⇒517(4)—EVIDENCE—CONFESSIONS—FALSE PRETENSES.

In a prosecution for obtaining money under false pretenses, the falsity of the pretenses cannot be shown by a confession of defendant until independent evidence has been introduced to prove such falsity.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1147.]

3. CRIMINAL LAW ⬤⇒1169(12)—EVIDENCE—CONFESSIONS—CURE OF ERROR.

In a prosecution for obtaining money by the execution of a mortgage on four mules, error in admitting evidence, without the independent corroborative proof of the corpus delicti, of statements of defendant in the nature of a confession that he had made a misstatement about the property being unincumbered, and that one T. had a mortgage thereon, was not cured by the subsequent testimony of T. that he owned four mules, without identifying them as the mules described in the mortgage or indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3138.]

4. CRIMINAL LAW ⬤⇒674—RECEPTION OF EVIDENCE.

The question of admitting all the testimony of a witness, and then excluding it, is addressed largely to the sound discretion of the trial court; but this discretion should be exercised with great care to avoid prejudicing the rights of accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1603.]

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Dave Sherard was convicted of obtaining money by false pretenses, and appeals. Reversed and remanded.

The defendant was indicted for obtaining $200 by false pretenses, and from a judgment of conviction he appeals. On the trial it was shown that the defendant had executed a mortgage to J. F. Hooper, banker, describing four black mare mules from two to eight years old, one gray mare mule about nine years old, and one black horse mule seven years old, which were free from incumbrances; and the witness Hooper testified, "Well, he said he had this property and that it was free from incumbrances," and we assume this was the representation relied on in making the loan and in bringing the prosecution. The witness further testified that he was the cashier of J. F. Hooper, Banker; that the representation was made to him, and the money obtained was paid out by him. There was testimony offered by the witness Cassels, which was excluded by the court on motion. The state examined one Trammell, who testified that the defendant had in his possession on May 12th four black mare mules and a gray mule that belonged to witness. This witness also testified that the defendant had some mules, both in Gadsden and Albertsville. The state, over the objection of the defendant, introduced statements claimed to have been made to the witness Hooper, in the nature of confession, to the effect that defendant had made a misstatement about the property and that Trammell had a mortgage on the prop-

erty. This statement was denied by the defendant.

E. O. McCord, of Gadsden, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1-3] In the offense of "obtaining money or property by false pretenses," a primal ingredient is the falsity of the alleged pretense whereby the defendant obtained the money. Without proof of such falsity, the corpus delicti is not shown. This cannot be shown by the confessions of a defendant until independent evidence has been introduced to prove it. Johnson v. State, 142 Ala. 1, 37 South. 937. At the time this evidence was offered, there was absolutely no independent evidence of this fact, and the testimony of Trammell subsequently offered, that he was the owner of four mules, without identifying them as the mules described in the mortgage or indictment, is not such a corroboration as would cure the error.

[4] It is not necessary to pass upon the objections to Cassels' testimony, as it was excluded from the jury; and while the practice of letting in all of the testimony of a witness, and then excluding it, is liable in some cases to prejudice the jury against the defendant, we cannot say, in this instance, that it did. These questions must be left largely to the sound discretion of the trial courts, who, however, should use it with great care, to the end that the defendant shall not suffer. Hicks v. State, 11 Ala. App. 290, 66 South. 873.

The charge that the money was obtained from Lon Hooper was properly laid in the indictment. Mack v. State, 63 Ala. 138.

In view of the fact that the other questions reserved will not likely come up on another trial, they are not here decided.

Reversed and remanded.