(96 South. 890)

### SHORTER v. STATE.    (5 Div. 855.)

(Supreme Court of Alabama.   June 21, 1923.)

**1. Criminal law �köⁿ1144(14) — Given charges not in record presumed to cover refused requested charges.**

Where the record discloses there were charges given at the request of the defendant, but they do not appear in the record, the presumption in favor of the ruling of the court below is that those charges covered every phase of the case proper for instructions to the jury which was sought to be covered by the refused charges.

**2. Criminal law ⊦1144(14) — Loss of given charges does not defeat presumption they covered refused charges.**

The presumption that charges given at request of accused which are not in the record covered the law embodied in requested charges which were refused is not rendered inapplicable, because the given charges may have been lost or mislaid, in the absence of any information as to what such charges contained or any effort as to substitution.

**3. Criminal law ⊦798(1) —Requested charge on satisfaction of each juror held erroneous.**

A requested charge that before the jury can convict each one must be .satisfied, not only that the proof was consistent with defendant's. guilt, but that it was wholly inconsistent with every other rational conclusion, and unless each is so convinced that each would venture to act on that decision in matters of the highest concern and importance to his own interest, the jury must acquit, was erroneous.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Ollie Shorter was convicted of murder in the second degree, and appeals. Affirmed.

Charge 4, refused to defendant, is as follows:

"4. Before you can convict the defendant, each one of you must be satisfied, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless each of you are so convinced by the evidence of the defendant's guilt that you would each venture to act upon that decision in matters of the highest concern and importance to your own interest, then you must find the defendant not guilty."

J. Sanford Mullins, of Alexander City, for appellant.

The refusal of charge 4 was error to reverse. Pickens v. State, 115 Ala. 42, 22 South. 551; Gilmore v. State, 99 Ala. 154,

13 South. 536; Ex parte Acree, 63 Ala. 234; Burton v. State, 107 Ala. 109, 18 South. 284; Brown v. State, 108 Ala. 18, 18 South. 811. In every criminal prosecution the burden is on the state to prove that a crime has been committed and that the accused is the person who committed it. Hill v. State, 207 Ala. 444, 93 South. 460.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

GARDNER, J. Appellant and his wife, Mary Shorter, were living together in Alexander City when on the night June 23, 1922, between the hours of 12 and 1 o'clock, his house was destroyed by fire, and Mary Shorter lost her life. It was the theory of the state that the appellant had murdered his wife by striking her with an ax, and had set fire to the house in order to destroy the evidence of his crime. He was charged with murder in the first degree; his trial resulting in his conviction of murder in the second degree, with punishment fixed at 30 years in the penitentiary. From this judgment of conviction, the appeal is prosecuted. There was motion for new trial, which was overruled.

It is insisted there was not sufficient evidence for submission to the jury as to whether or not a murder had, in fact, been committed, and that therefore there had been no satisfactory proof of the corpus delicti. Hill v. State, 207 Ala. 444, 93 South. 460. Counsel for appellant further urge that, in any event, the evidence in support of the verdict is so meager and unsatisfactory as to convince the court that it was wrong and unjust, and should be set aside. Hines v. State, 198 Ala. 23, 73 South. 428.

These authorities relied upon by counsel for appellant rested upon the peculiar facts therein disclosed, and differed materially from the record here presented.

It would serve no useful purpose to enter into a discussion of the evidence. Suffice it to say that although the testimony is circumstantial, yet, upon a careful consideration thereof in consultation, the conclusion has been reached that there was satisfactory proof of the corpus delicti, and, further, that the verdict of the jury should not be here disturbed.

The only remaining questions relate to the refusal of certain charges requested by the defendant. What we have said above indicates our view that the affirmative charge was properly refused.

[1] The record discloses there were charges given at the request of the defendant, but they do not appear in the record. The presumption is in favor of the ruling of the court below, and, therefore, in the absence of these charges it would be presumed that they cover every phase of the case proper for instructions to the jury, which was sought to be considered by the refused charges. Such was the express holding of this court in the recent case of Milligan v. State, 208 Ala. 223, 94 South. 169.

[2] This rule is not rendered inapplicable because of the fact that such given charges may have been lost or mislaid in the absence of any information from the record as to what they contain. There appears to have been no effort as to substitution.

[3] The remaining refused charges, therefore, need not be considered, though we may properly direct attention to the fact, in answer to the argument of counsel for appellant, that refused charge 4 has been repeatedly condemned by this court. Jones v. State, 181 Ala. 63, 61 South. 434, wherein was pointed out that the case of Burton v. State, 107 Ala. 109, 18 South. 284, had upon this point been overruled.

The judgment of conviction will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.