**PERKINS v. STATE.**    **(7 Div. 989.)**

(Court of Appeals of Alabama. Aug. 19, 1924. Rehearing Denied Oct. 7, 1924.)

**1. Criminal law ⬅══1159(2) — Verdict of jury not disturbed on appeal if supported by evidence sufficient to authorize conviction.**

Where there is evidence tending to. connect accused with an offense which is sufficient to authorize conviction, verdict of guilty will not be disturbed on appeal.

**2. Criminal law ⬅══1167(2)—Unnecessary on appeal to notice rulings of trial court solely affecting count of indictment as to which general charge was given.**

In prosecution under indictment in two counts, first charging manufacturing liquor, and second unlawfully possessing still, where trial court gave general charge as first, it is unnecessary on appeal to notice rulings of trial court solely affecting it.

**3. Criminal law ⬅══451(2)—Theory of state's witness as to where liquor was made not competent.**

In prosecution for unlawfully possessing still and for manufacturing liquor, where still, mash, and whisky were found on premises of defendant, theory of state's witness as to where whisky was made was not competent.

**4. Criminal law ⬅══693—Excluding answer to question to witness on motion subject to discretion of court.**

In prosecution for manufacturing liquor and unlawfully possessing still, after witness in answer to question stated that he did not know of defendant ever meddling with whisky or manufacturing whisky, excluding answer on motion of state was not improper, it being matter largely within the discretion of court, although refusing to exclude would not be error; no objection having been made until after answer was ·given.

**5. Criminal law ⬅══784(7)—Refusal of charge that no matter how strong circumstantial evidence might be, if it could be reconciled with theory that some other person may have done act, accused was not shown guilty, proper in view of evidence.**

In prosecution for manufacturing liquor and possession of still, where still, mash and whisky were found on premises of accused, requested charge that upon circumstantial evidence there should not be conviction unless to moral certainty 'it excludes every other reasonable hypothesis than that of guilt of accused, and no matter how strong circumstances were, if they could be reconciled upon theory that some other person may have done act, guilt of the accused was not shown, in view of evidence pointing to commission of crime in which others might be equally involved with defendant, was misleading and properly refused.

**6. Criminal law ⬅══814(3) — Charge that if facts and circumstances.pointed to others as 'owners of still and liquor as strongly as to defendant, to acquit, properly refused.**

In prosecution for manufacture ·of liquor ' and possession of still, where still, mash, and

whisky were found on defendant's premises near his house, charge that if facts and circumstances pointed to others as owners and possessors of still and liquor as strongly as to defendant, to acquit him, was properly refused.

**7. Criminal law ☞763, 764(6) — Charge that jury could not consider that liquor was found in trunk of accused's wife in his home, held invasive of province of jury.**

In prosecution for manufacturing liquor and possessing still, charge that jury would not be authorized to consider that liquor was found in trunk of accused's wife in his home was invasive of province of jury.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill Perkins was convicted of possessing a still, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Perkins, 212 Ala. 99, 101 So. 772.

Charge 1, refused to defendant, is substantially the same as charge 2 as set out in the report of the appeal of Tatum v. State, ante, p. 24, 100 So. 569.

Charges 2 and 3, refused to defendant, are as follows:

"(2) The court charges the jury that in reaching their verdict in this case they would not be authorized to consider the fact that a small amount of liquor was found in the trunk of his wife in defendant's home.

"(3) If the facts and circumstances before the jury point to others as the owners and possessors of the still and liquor as strongly as to the defendant, then you should acquit him."

E. O. McCord & Son, of Gadsden, for appellant.

An objection to a question after answer made comes too late. Empire Sec. Co. v. Webb, 202 Ala. 549, 81 So. 51; People's Shoe Co. v. Skally, 196 Ala. 349, 71 So. 719. The affirmative charge for defendant should have been given. Knight v. State, 19 Ala. App. 296, 97 So. 163; Clark v. State, 18 Ala. App. 217, 90 So. 16; Wadsworth v. State, 18 Ala. App. 352, 92 So. 245; Guin v. State, 19 Ala. App. 67, 94 So. 788; Hanson v. State, 19 Ala. App. 249, 96 So. 655. Charge 1 stated a correct principle of law and should have been given. Cannon v. State, 17 Ala. App. 82, 81 So. 860; Pickens v. State, 115 Ala. 42, 22 So. 551; Ex parte Acree, 63 Ala. 234.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence as to defendant's character or reputation for manufacturing whisky was inadmissible. There was no error in refusal of charges to defendant. Lee v. State, 18 Ala. App. 566, 93 So. 59.

SAMFORD, J. [1] There was a still, several barrels of mash, a small amount of corn whisky found on the premises of defendant about 50 yards from his house and about 20 yards of his barn. There was some other evidence tending to connect the defendant with the possession, which, taken and considered, was sufficient to authorize a conviction. When this is the case this court will not disturb the verdict of the jury.

[2] The indictment was in two counts. The first charged manufacturing, and the second unlawfully possessing a still. The court, at the request of defendant gave the general charge as to the first count. It will therefore be unnecessary to notice rulings of the court solely affecting the first count of the indictment. Brewington v. State, 19 Ala. App. 409, 97 So. 763.

[3] What the "theory" of the state's witness was as to where the whisky was made could not, under any phase of the testimony, be competent in this case. Witnesses are confined in their testimony to facts. Theories to be formed therefrom rest with the juries, under proper instruction from the court.

[4] Defendant's witness Hood had testified to the general good character of defendant. Defendant's counsel then asked: "Do you know of this negro ever meddling with whisky or manufacturing whisky?" To which the witness answered "No." After the question and answer the state objected to the question, and moved to exclude the answer. This motion was granted and the defendant excepted. This upon the theory that the objection and motion came too late. We have many times held that, where a question was not objected to until after answer was had, the court would not be put in error for refusing to exclude the answer. Morrow v. State, 19 Ala. App. 212, 97 So. 106. This upon the fair rule that a party could not speculate upon what an answer would be and when found to be unsatisfactory put the court in error for refusal to exclude. This rule, however, does not preclude the court, at any stage of a trial from excluding from the jury, any evidence already given, which is found to be illegal. This is a matter largely within the discretion of the court. Sherard's Case, 16 Ala. App. 129, 75 So. 721.

[5] Charge 1 as requested in writing by defendant may or may not state a correct proposition of law, dependent upon the facts in a particular case. "If the evidence points to the commission of crime by one person, and there be evidence from which the jury may reasonably infer that the one person was other than the defendant, then the refusal of the charge would be error. If the evidence points to the commission of a crime in which others might be equally involved with the defendant, then such charge would be misleading and properly refused. If the evidence points to the defendant and no one

else, the charge is abstract." In this case the charge comes under the second rule, is misleading, and properly refused. Tatum v. State, ante, p. 24, 100 So. 569; Ex parte Bud Hill, 211 Ala. 311, 100 So. 315.

[6] Charge 3 was properly refused. Lee v. State, 18 Ala. App. 566, 93 So. 59.

[7] Charge 2 is invasive of the province of the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.