(104 So. 48)

### GLOVER v. STATE.   (6 Div. 608.)

(Court of Appeals of Alabama.   March 24, 1925.)

**1. Criminal law ⬅1091(11)—Bill of exceptions should show details of testimony as to put appellate court in possession of facts alluded to.**

Where witness uses gestures to illustrate and make meaning clear, bill of exceptions should show in detail what witness testified to and such other information as to put court in possession of facts alluded to, and should not use the word "indicating" as substitution therefor.

**2. Criminal law ⬅815(1)—Refusal of charge, pretermitting consideration of all evidence and not stating the law, held not error.**

Refusal of charge, pretermitting consideration of all evidence and not stating the law, *held* not error.

**3. Criminal law ⬅829(1)—Refusal of requested charges fully covered by others not error.**

Refusal of requested charges which were fully. covered by oral charge *held* not error.

**4. Criminal law ⬅807(1) — Argumentative charge properly refused.**

Refusal of argumentative charge *held* not error.

**5. Criminal law ⬅317, 787(1)—Failure of accused to testify does not create presumption against him, and is not subject of comment.**

Failure of accused to testify does not create any presumption against him and may not be made subject of comment.

**6. Criminal law ⬅743— Witnesses ⬅277(1), 319—Testimony of accused subject to cross-examination and impeachment, and weight for jury.**

Where accused elects to testify, he is subject to cross-examination and impeachment as any other witness, and weight of his testimony is question for jury.

**7. Witnesses ⬅365—Jury may consider interest of accused in case in determining weight of his testimony.**

Jury may consider interest of accused in the case in determining what weight to give his testimony.

**8. Criminal law ⬅747 — Conflicting evidence presents question for jury.**

Conflicting evidence presents question for jury.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Ross Glover was convicted of murder in the second degree, and he appeals. Affirmed.

Gray & Powell, of Jasper, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

BRICKEN, P. J. At the time of the submission of this case in this court special request was made by counsel for appellant to be allowed 15 days thereafter in which to file brief in behalf of appellant. The court made and entered an order allowing 15 days to file brief, but notwithstanding this order no brief has been filed by counsel for appellant or by the state. The court is called upon, therefore, to consider this record without brief from either side.

This appellant, defendant in the court below, was charged by indictment with the offense of murder in the second degree. He was tried and convicted of murder in the second degree; the jury fixed his punishment at imprisonment in the penitentiary for 15 years.

The manner of the preparation of this record gives this court but slight conception of the evidence as it was adduced upon the trial, and makes it difficult to pass upon the numerous exceptions reserved to the rulings of the court upon the testimony; as an example, the evidence of state witness, Dr. J. E. Buzbee, as it appears in this transcript. He testified that he was a graduate of Mobile Medical College and a licensed practicing physician; that he saw Mode Vandiver

---

(deceased named in the indictment) after he was dead; saw him the next morning after he was killed the night before; that he examined his body and saw gunshot wounds on him, that is, bullet holes. He was then asked:

"Q. Doctor, will you describe to the jury on Mr. Nettles the location as well as you can those bullet wounds. A. There was a wound in the right arm here, and the indications point that it was in here that it went in and out here," indicating on Mr. Nettles.

This witness further testified:

"Well, the appearance was one puncture going in here (indicating) shows that it was indented on this side, and this was in line with this one on the body (indicating). That is the first wound I examined. There was another wound in the arm; went in here and out there."

He was asked:

"Did you notice whether or not the bullet come out on the back side? A. It evidently went in here and come out here.

"Q. Is that your opinion, Doctor? A. Yes, sir; that is my opinion."

He also stated:

"If there were other wounds on the body I did not see them."

[1] It can thus be seen that this manner of transcribing testimony renders it impossible for this court to know what the witness really did testify, nor can we tell whether the wounds described entered the person of deceased from the front or rear. In transcribing testimony of this character, instead of using the word "indicating," which means nothing to this court, the bill of exceptions should show in detail what the witness testified to, the location and character of the wounds, and such other information as would tend to put this court in possession of the facts alluded to in witness' testimony. He did testify however:

"Three of the wounds I found on Mode Vandiver's body, in my opinion, were sufficient to produce death."

From what we can gather from this transcript no error was committed by the court in any of the rulings invoked upon the testimony of Dr. J. E. Buzbee.

The numerous other exceptions to the court's rulings upon the testimony have had our careful attentive consideration. We do not think the substantial rights of the defendant were injuriously affected by any of these rulings; to the contrary, it clearly appears that each of the rulings complained of is exceptionally free from error.

The court did not err in the several rulings relative to the argument of the solicitor and his assistant. While, as stated by the court, some of the expressions used by counsel for the state probably had no place in a dignified presentation of the case to the jury, yet none of the statements objected to would justify this court in reversing the judgment of conviction.

For the reasons stated by the court in its well-prepared opinion on the motion of defendant for a new trial there was no error in overruling said motion.

In a clear and excellent oral charge, covering six pages of this transcript, the court stated the law correctly to the jury in its every phase under the issues involved. In addition thereto several special written charges were given at the instance of the defendant.

[2] Refused charge 89 pretermitted a consideration of all the evidence. As written it does not state the law, and its refusal was not error.

[3] Charge 63 was fully covered by the oral charge and by the given charges; notably given charge 38; its refusal, therefore, was not error, for the statute expressly provides the refusal of a charge, though a correct statement of the law shall not cause a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties.

[4] There was no error in refusing charge 64. This charge is argumentative. Moreover, the proposition of reasonable doubt was fully and ably presented to the jury by the court in its oral charge.

[5-7] We consider refused charges 91 and 3 misleading. They were therefore properly refused. By virtue of the statute a person on trial charged with a criminal offense shall, at his own request, but not otherwise, be a competent witness in his own behalf. His failure to testify does not, under the law, create any presumption against him, nor shall such failure to testify be made the subject of comment. If, however, the accused does elect to testify, he is subject to cross-examination and impeachment as any other witness. It is for the jury alone to decide what weight they will give his testimony, and the general rule of evidence is that in weighing the testimony of all witnesses the jury will do so in the light of whatever interest the witness may have in the trial of the case. In the case of McKee v. State, 82 Ala. 32, 2 So. 451, this charge was discussed, to wit:

"The jury must not capriciously reject the testimony of the defendant himself, but give it the same consideration they would any other witness."

Stone, C. J., for the court said:

This charge "was calculated to mislead. To the average mind it would import that, as matter of law, the jury were bound to give to the testimony of defendants as much weight as they would give to that of any other witness. While it is manifestly true that the jury should never

disregard the testimony of any witness capriciously, the weight and influence oral proof shall have in their deliberations is exclusively for them. The law has neither declared, nor can it declare, any standard for weighing such testimony."

In Davis v. State, 152 Ala. 25, 44 So. 561, the Supreme Court gave its approval of the following charge, viz.:

"The defendant is a competent witness in his own behalf. Yet, in considering his testimony, you would be authorized to weigh it in the light of the interest he has in the result of your verdict, together with all the testimony in the case."

In Sykes v. State, 151 Ala. 80 (second headnote), 44 So. 398, the court approved the charge, viz.:

"I charge you, gentlemen of the jury, that in weighing the testimony of the defendant you have a right to consider the fact that he is defendant in the case, and, if convicted, suffers the penalty."

In Wright v. State, 148 Ala. 596, 42 So. 745, Mr. Justice Anderson for the court gave approval to the following charge requested by the state, to wit:

"(1) The court charges the jury that the interest the defendant has in the case may be considered by them in weighing his own testimony."

And in Burkett v. State, 154 Ala. 19, 45 So. 682, the court approved this charge:

"The court charges the jury that the defendant is interested in the result of this trial, and that they may look to this fact in determining what weight they will attach to his testimony."

Refused charge 11 is a duplication of refused charge 89 hereinabove discussed.

[8] The evidence adduced upon this trial was in conflict, and therefore presented a question for the jury, both as to the guilt or innocence of the defendant, and also the grade of offense. The tendencies of the evidence justified the jury in their verdict. No error appears in any of the court's rulings. The record is also free from error. The judgment appealed from is affirmed.

Affirmed.