(109 So. 897)
### WARD v. STATE. (6 Div. 999.)

(Court of Appeals of Alabama.  Oct. 26, 1926.)

**1. Criminal law ⚖=361(3).**

Accused is allowed full latitude to explain flight to another state immediately after commission of crime.

**2. Criminal law ⚖=745.**

Purpose of accused leaving state immediately after commission of crime *held* for jury.

**3. Criminal law ⚖=745.**

From evidence of flight by accused from state immediately after commission of crime jury may find that flight was from consciousness of guilt, to avoid punishment, or from sheer fright.

**4. Homicide ⚖=268.**

Evidence of flight by accused immediately after commission of crime, with other evidence showing his culpability, precludes right to general affirmative charge in prosecution for murder.

**5. Criminal law ⚖=451(3).**

In prosecution of husband for murder of wife, admission of testimony by daughter, present at shooting, that defendant spoke in an angry voice to deceased just before shooting, *held* not erroneous.

**6. Criminal law ⚖=789(15).**

In prosecution for murder, requested charge to acquit unless evidence excludes every reasonable supposition but that of guilt *held* properly refused.

**7. Criminal law ⚖=789(8)—Requested charge to acquit of murder, unless jury is satisfied to a moral certainty of guilt, and that proof of guilt was wholly inconsistent' with every other rational conclusion, held properly refused.**

In prosecution for murder, requested charge to acquit unless jury was satisfied to moral certainty that proof was consistent with defendant's guilt, and wholly inconsistent with every other rational conclusion, and unless jury would each act on such decision in matters of highest concern to his own interest, *held* properly refused.

**8. Criminal law ⚖=814(3)—Requested charge to acquit if circumstances could be reconciled with theory that some other person committed the crime, of which there was no evidence, held properly refused, as abstract.**

In prosecution for murder, requested charge to acquit unless proof excludes to moral certainty every reasonable hypothesis but that of guilt, or if circumstances could be reconciled with theory that some other person may have

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

done the act, *held* properly refused, as abstract; there being no evidence of any other person committing crime.

**9. Criminal law ⏤789(14).**

In prosecution for murder, requested instruction to acquit, if jury had a reasonable doubt of defendant's guilt, though there may be no probability of his guilt, *held* properly refused.

**10. Criminal law ⏤829(1).**

Requested charge, covered by court's oral charge, *held* properly refused.

**11. Criminal law ⏤768(2).**

Requested charge that juror should not vote guilty if he had reasonable doubt of guilt, and should not be influenced in so voting because majority of jury favor conviction, *held* properly refused, as argumentative and invasive of province of jury.

**12. Criminal law ⏤789(15) — Requested charge to acquit if there was reasonable doubt of defendant's guilt, and that to raise doubt evidence need not show probability of defendant's innocence, held properly refused.**

In prosecution for murder, requested charge to acquit if jury was not satisfied as to defendant's guilt, beyond reasonable doubt, to a moral certainty, and to exclusion of every other reasonable hypothesis, and that to raise reasonable doubt it is not necessary that evidence show probability of defendant's innocence, *held* properly refused.

**13. Criminal law ⏤778(10)**

In prosecution for murder, requested charge that defendant is not responsible for unauthorized acts of any other person to procure false testimony in his behalf *held* properly refused.

**14. Criminal law ⏤814(1).**

Requested charge relating to person other than defendant *held* properly refused.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Henry Ward was convicted of murder in the second degree, and he appeals. Affirmed.

These charges were refused to defendant:

(10) I charge you, gentlemen of the jury, that you should acquit this defendant unless the evidence excludes every reasonable supposition but that of the guilt of the accused.

(15) The court charges the jury that, before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; and unless the jury are so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty.

(21) In a criminal case, the proof is always insufficient to sustain conviction unless it excludes to a moral certainty every reasonable hypothesis but that of the guilt of the accused;

no matter how strong the circumstances in this case, if they can be reconciled with the theory that some other person, with whom the defendant was not connected, may have done the act, then the defendant is not shown to be guilty by that full measure of proof that the law requires.

(22) Although there may be no probability of the guilt of the defendant James Largin, yet if there is in the minds of the jury a reasonable doubt of his guilt, it is the duty of the jury to give him the benefit of the doubt and acquit him.

(26) If, after a consideration of the whole case, any juror should entertain a reasonable doubt of the guilt of the defendant, it is the duty of such juror, so entertaining such doubt, not to vote for a verdict of guilty, nor to be influenced in so voting for a single reason that a majority of the jury should be in favor of a verdict of guilty.

(27) If the jury are not satisfied beyond all reasonable doubt, to a moral certainty, and to the exclusion of every other reasonable hypothesis but that of the guilt of the defendant James Largin, then they should find him not guilty, and it is not necessary to raise a reasonable doubt that the jury should find from the evidence a probability of the defendant's innocence, but such a doubt may arise, even when there is no probability of his innocence in the testimony, and if the jury have not an abiding conviction, to a moral certainty, of his guilt, it is the duty of the jury to acquit him.

(41) I charge you, gentlemen of the jury, that the defendant James Largin is not responsible for any unauthorized acts of any witness, or any other person to procure false testimony in his behalf, even if you are satisfied from the evidence that such unauthorized acts were committed.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellant.

Proof is insufficient to warrant a conviction of accused, if his conduct is consistent with his innocence; every material ingredient of the offense must be proved beyond a reasonable doubt. Gipson v. State, ante, p. 277, 107 So. 327. Unsupported statements of fact should not be made in argument. McGrew v. State, ante, p. 266, 107 So. 328; Cross v. State, 68 Ala. 476; Rowe v. State, 20 Ala. App. 119, 101 So. 91. Defendant's requested charges should have been given.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The general charges were well refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726. Charge 21 is abstract. Hill v. State, 211 Ala. 311, 100 So. 315. Charge 26 is not correct. Jones v. State, 213 Ala. 390, 104 So. 773. Nor charge 10. Grimsley v. State, 20 Ala. App. 155, 101 So. 156. Charge 15 is bad. Morgan v. State, 20 Ala. App. 331, 102 So. 236. Charges 22 and 27 are not correct statements of law. Glover v. State, 20 Ala. App. 547, 104 So. 48; Lakey v. State, 18 Ala. App. 446, 93 So. 51. Remarks of the

⏤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

solicitor upon matters of general knowledge are not improper. Arnold v. State, 18 Ala. App. 453, 93 So. 83. A witness may describe a fact according to the effect produced upon his mind. Mayberry v. State, 107 Ala. 64, 18 So. 219. What defendant was doing in leaving the scene was part of the res gestæ. Shearer v. State, 19 Ala. App. 101, 95 So. 329.

RICE, J. Under an indictment which charged this appellant with murder in the first degree, he was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for a term of 20 years.

Henry Ward, appellant, killed his wife, Elizabeth Ward, by shooting her in the breast with a pistol. The facts as to this were admitted and without dispute. The defendant insisted that the shooting was accidental, and that the death of his wife resulted from the accidental discharge of his Luger automatic pistol, which he was cleaning at the time of the firing of the shot. The state insisted otherwise, and this, of course, was the controlling question involved upon the trial of this case.

[1-4] Flight of the defendant to another state immediately after the killing was shown without conflict, and, as the law provides, the accused was allowed full latitude to explain said flight. Thus his purpose in leaving the state was a question for the jury to determine. From this evidence the jury were authorized to find that such flight was from a consciousness of guilt, and to avoid prosecution and escape punishment for the crime, or they could adopt his insistence, if they believed it to be true, that he fled from sheer fright. This evidence, coupled with other evidence tending to show the culpability of the accused and that the shooting was intentional, precluded the right of the defendant to the general affirmative charge. The insistence of counsel to the contrary cannot be sustained.

[5] State witness Mahaley Robinson, daughter of the deceased woman, was admittedly present at the time her mother was killed, and gave evidence of the facts and circumstances attendant upon the killing. On her redirect examination, over the objection and exception of defendant, she was allowed to testify as to the tone of voice used by defendant, when speaking to his wife just before the shooting, as to where his wife had been, and why she did not have supper ready, etc., and she stated in response to the question, "What was the tone of voice when he spoke to her, when he asked her where she had been, whether she cooked him anything?" that "He spoke angrily," also "sounded like an angry voice." The rulings of the court here were in line with the approved and accepted rule and were not error.

"A witness may testify that another appeared to be angry." Jenkins v. State, 82 Ala. 25, 2 So. 150. "Witness may state that the defendant was talking mad." Reeves v. State, 96 Ala. 33, 40, 11 So. 296, 299. "A witness may testify that the defendant appeared to be angry." Miller v. State, 107 Ala. 40, 19 So. 37. "The conduct, demeanor, and expressions of the accused, at or about the time of the commission of the offense with which he is charged, are competent evidence against him, their value being determinable by the jury." Blount v. State, 49 Ala. 381.

Other rulings of the court upon the admission of evidence, to which exceptions were reserved, have been examined and considered. They are so clearly free from reversible error no discussion is necessary.

Several objections and motions to exclude certain portions of the solicitor's argument to the jury were made. These objections were not sustained, and the motions overruled; defendant excepted. We find no reversible error in these rulings, and do not regard the utterances complained of as coming within the inhibition of the rules of legitimate argument. As stated, the defendant was not entitled to the general affirmative charge under the conflicting evidence and its attendant inferences. Refused charges 3, 8, and 9 were therefore properly refused.

Refused charge A dealt with the question of flight. The law on this subject was fully covered by the court's oral charge.

[6] Charge 10 refused to defendant is not the law. It was properly refused. Duncan v. State, 20 Ala. App. 209, 101 So. 472.

[7] The case of Burton v. State, 107 Ala. 108, 18 So. 284, wherein a charge similar to refused charge 15 here, was approved, has been overruled on this point. Jones v. State, 181 Ala. 63, 61 So. 434; Shorter v. State, 209 Ala. 678, 96 So. 890. The charge 15 is bad.

[8] Refused charge 21 is wholly abstract under the evidence in this case, as there is not a semblance of evidence tending to show that any person, other than the defendant, committed the crime here complained of.

[9] Refused charge 22 is not the law. Glover v. State, 20 Ala. App. 547, 104 So. 48. Moreover, this charge was evidently not intended to be incorporated in this record, as the court is not informed of the connection of *James Largin* in this case, and this charge deals solely with James Largin as defendant.

[10, 11] The necessity for unanimity of the jury in order to return a verdict was stated in the court's oral charge. Refused charge 26 is on this point. It was covered. The charge itself is an argument, and also invasive of the province of the jury.

[12-14] Refused charges 27 and 41 do not state the law. They were properly refused, also, as relating to defendant *James Largin.* The defendant in this case is *Henry Ward.*

There is no reversible error in any of the court's rulings. The record proper is without error. The judgment of conviction, from which this appeal is taken, will stand affirmed.

Affirmed.