149 So. 353

### SCHRIMSHER v. STATE.

8 Div. 759.

Court of Appeals of Alabama.
June 30, 1933.

Edw. Goodrich, of Athens, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, Presiding Judge.

The indictment, in one count, charged the defendant (appellant here) with the offense of disturbing religious worship, in violation of section 3881 of the Code 1923. The trial resulted in his conviction as charged. The fine and cost not being paid, the defendant was sentenced to hard labor for the county, as the law requires.

The evidence was in conflict; that for the state was ample to support the verdict of the jury and sustain the judgment of conviction pronounced and entered.

Several exceptions were reserved to the rulings of the court upon the admission of testimony. It is clearly apparent that no error prevailed in any of these rulings; therefore the exceptions cannot be sustained.

The remaining point of decision relates to the action of the court in overruling the motion for a new trial. This motion is predicated upon several grounds, some of which are unusual and grave, and, if properly sustained by the evidence, would entitle the defendant to a new trial. However, the record before us is silent as to any evidence having been offered in support of the motion. The law requires this to be done and in the absence of which we, of course, cannot put the trial court to error. So far as this record shows, there was no evidence offered in the court below on the motion; hence the grounds of the motion are not shown to have been proven. Section 6088 of the Code 1923 provides, among other things, that a defendant in a criminal case may except to the decision of the court on the motion for a new trial; and it also provides that he shall reduce to writing the substance of the evidence in the case, and also the decision of the court on the motion, and the evidence taken in support of the motion, all of which shall be included in the bill of exceptions. The failure to comply with the foregoing renders us without authority to do other than to sustain the action of the court.

No error of a reversible nature is presented upon this appeal. The judgment of conviction in the lower court will therefore stand affirmed.

Affirmed.