## TALLEY v. STATE.

### 4 Div. 55.

Court of Appeals of Alabama.

May 8, 1934.

J. N. Mullins, of Dothan, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The principal insistence of appellant is that the evidence is not sufficient to support the verdict. On that question the testimony of two witnesses was positive as to the facts constituting the corpus delicti and the identity of the defendant as one of the guilty agents. The defense was an alibi. Witnesses for defense were just as positive that defendant was somewhere else at the time alleged and proven by the state. The decision of this question was for the jury, and this court would not be warranted in disturbing the verdict.

One of the grounds for defendant's motion for a new trial is that, after the closing of the testimony, the arguments of counsel, and the charge of the court, the jury was allowed to separate for the night. If this were so, there might be something in defendant's insistence, but the bill of exceptions is silent on the question, in the absence of which there is nothing for us to review. Schrimsher v. State, 25 Ala. App. 471, 149 So. 353. The case of Payne v. State, 226 Ala. 69, 145 So. 650, correctly states the law. When the unauthorized separation of the jury is shown, the presumption of injury arises, but no burden rests upon the state until it is made to appear that the jury actually separated.

Refused charge 1 was fully covered by the court in his oral charge.

■ On authority of Goocher v. State, 227 Ala. 337, 149 So. 830, Perkins v. State, 20 Ala. App. 276, 101 So. 770, Ward v. State, 21 Ala. App. 551, 109 So. 897, and many other decisions of similar import, defendant's refused charge 5 is held to be bad.

We find no error in the record, and the judgment is affirmed.

Affirmed.