BOWEN, Judge.
The defendant was indicted and convicted for first degree burglary. Sentence was ten years and six months in the state penitentiary.
The only issue on appeal is whether the testimony of two accomplices was corroborated by other evidence tending to connect the defendant with the commission of the crime as required by Alabama Code 1975, Section 12-21-222.
On the night of June 7, 1978, William J. Perkins went to bed in his home in Colbert County around 9:30. His wife came home from their business, Bill’s Seafood and Paradise Motel, sometime after twelve midnight. Sometime after this, Mr. Perkins awoke “in a daze” and realized that he had been struck on the head and that he and his wife were being robbed by “two guys” whom he did not recognize. Discovered missing after the robbery were three diamond rings,, their wallets, three credit cards and a substantial sum of money, among other items.
Donnie Golden and Larry Mott testified for the State. Each had pled guilty and been convicted for “the offense of robbery of the Perkins’ house”. Although their testimony was not identical and even conflicting on at least one point, the import of their testimony was that they went to the Perkins’ home on the night of June 7th and waited outside while the defendant burglarized the house.
Later that night, Golden and Mott, without the defendant, returned to the house and robbed Mr. and Mrs. Perkins. Golden and Mott denied that they had taken any diamond rings or credit cards during the robbery.
The testimony of Golden and Mott was mainly, though not solely, corroborated by Gary Alexander. A convicted felon, Alexander testified that in “late June” the defendant gave him three credit cards which the defendant said calme, “the way he put it, (from) the robbery he had planned out”. These were the identical credit cards taken on the night of June 7th from Mr. Perkins. Alexander denied having anything to do with the robbery and there is nothing in the record to indicate otherwise.
The law governing accomplices and corroboration has been stated and discussed by this Court in a number of recent eases. Andrews v. State, 370 So.2d 320 (Ala.Cr.App.), cert. denied, 370 So.2d 323.(Ala.1979); Flanagan v. State, 369 So.2d 46 (Ala.Cr.App.1979); Jacks v. State, 364 So.2d 397 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala.1978). These rules need not be restated here.
Under the evidence, including the admissions of Golden and Mott, it is clear that they were accomplices to the initial breaking and entering and stealing by the defendant. Jacks, 364 So.2d at 403. However, evidence of the defendant’s possession of property stolen at the time of the offense may be sufficient to corroborate an accomplice’s testimony. Andrews v. State, 370 So.2d 320, 322 (Ala.Cr.App.), cert. denied, 370 So.2d 323 (Ala.1979). Here, the evidence that the defendant was in recent possession of the same three credit cards taken on the night of June 7th is sufficient corroboration of the testimony of the accomplices Golden and Mott.
There was additional evidence to corroborate the testimony of the accomplices. We have omitted that evidence from this opinion because these circumstances were not as strong and clear as the credit card testimony and because the credit card testimony is, of itself, sufficient corroboration.
The defendant’s argument that Alexander’s testimony “is unworthy of belief because of the bias and prejudice of the witness and because of the inconsistencies *897 in the testimony of Golden and Mott” is simply a matter which was solely for the jury. Stokley v. State, 254 Ala. 534, 540, 49 So.2d 284 (1951). The fact that the defendant was convicted upon the testimony of admitted liars, felons and thieves was a matter to be considered by the jury in determining the defendant’s guilt or innocence.
We have responded to the arguments raised by the defendant. After searching the record for error, we affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.