BOWEN, Presiding Judge.
Percy Craig was indicted and convicted for burglary in the third degree and for receiving stolen property in the second degree. Sentence was twenty-five years’ imprisonment as a habitual offender.
I
The prosecutor did not commit reversible error in cross examining the defendant about his knowledge of the Habitual Felony Offender Act. The defendant argues that the prosecutor was attempting “to convince the jury that Appellant was exercising his right to a jury trial, only because his prior convictions placed the mandatory minimum punishment he faced at 15 years, which largely voided any chance of a negotiated plea.” Appellant’s Brief, p. 8.
Under direct examination by his own defense counsel, the defendant freely admitted that he “had a long and checkered involvement with the law” and that he had *407 “a record.” He admitted having pled guilty to the murder of two people. Defense counsel then stated, “Okay. Now, I’m not going into anything else. I’m sure Mr. Harrison [Assistant District Attorney] will go further into your criminal record.”
On cross examination, the prosecutor did exactly that and elicited from the defendant testimony concerning his prior convictions. Then, over the objection of defense counsel, the prosecutor elicited testimony from the defendant that he had heard of the Alabama Habitual Offender Act and that the minimum sentence he could receive if convicted with his record was fifteen years’ imprisonment. Defense counsel’s objection was, “I object to him [prosecutor] mentioning it on direct [sic], that it’s been used mostly to prejudice the jury and show him as an habitual offender as the only reason he’s gone to trial — .” The prosecutor argued that, “I’m on cross examination. He brought all of that out and this man is a witness in this case and I have a right to bring out his priors and the reason he may have to lie to this jury.”
A jury may properly consider the interest the defendant has in the case in weighing his testimony. Glover v. State, 20 Ala.App. 547, 549, 104 So. 48, 50 (1925). “The fact that the defendant was interested in the result of the case was a circumstance affecting his credibility as a witness and which could be considered by the jury.” Shelton v. State, 144 Ala. 106, 114, 42 So. 30, 38 (1905).
However, here the prosecutor’s remark was objectionable “[b]ecause a defendant, as well as everyone, is presumed to know what the law is, and therefore it was immaterial as to whether or not he was possessed of this knowledge at that time,” and because the question assumed and gave the jury the impression that the defendant’s minimum sentence was fifteen years. Bailum v. State, 17 Ala.App. 679, 682, 88 So. 200, 203 (1921).
However erroneous this questioning might have been, this Court is convinced that the error was harmless. Immediately prior to this line of cross examination, the prosecutor had elicited without objection the defendant’s own testimony that the defendant (1) “was found guilty of tampering with an automobile” in 1961, and received “a fine and twenty days”; (2) was convicted of grand larceny in 1963 and received a three-year suspended sentence; (3) “got picked up for possession of marijuana and got a suspended sentence out there [in Los Angeles]” in 1967; (4) received three-years’ probation for forgery in 1970; (5) was convicted of burglary in 1971 and was sentenced to thirty-six months; (6) “got arrested in October of ‘76 with narcotic paraphernalia”; (7) “got arrested in ‘77 in Mobile, ... for robbery”; (8) was convicted in 1979 for robbery and two murders involving a Western Auto Store in Mount Vernon; and (9) was “arrested for burglary in this case and that was in March of ‘83 and then in December of ‘83 ... was arrested for breaking and entering an automobile.”
After the jury had heard these details of the defendant’s “long and checkered involvement with the law,” the fact that he was a habitual offender facing fifteen years’ imprisonment upon conviction added nothing to the jury’s estimation of the defendant’s credibility. While the prosecutor’s questions were improper and are not condoned by this Court to any degree, they were simply not the type of prejudicial remarks that warrant so drastic a measure as the reversal of a conviction. We find that the prosecutor’s remark did not constitute an attempt to subvert the defendant’s right to a trial by an impartial jury or that it was an attempt to impeach the basis of the defendant’s exercise of his right to trial by jury as alleged on appeal.
II
The defendant’s conviction was not had upon the uncorroborated testimony of the alleged accomplice, Dwight Reese. After his arrest, the defendant admitted being the driver of the truck containing the stolen refrigerator and washing machine. When the police attempted to stop this *408 truck at 2:00 in the morning, the defendant abandoned it on a railroad track.
“[I]f the accused and accomplice are seen together in unusual places and in close proximity in time and place to the scene of the crime, which was committed at an unusual hour, the requirements of corroboration may be met.” Senn v. State, 344 So.2d 192, 193 (Ala.1977) (emphasis in original); Jackson v. State, 451 So.2d 435, 437 (Ala.Cr.App.1984). “[Ejvidence of the defendant’s possession of property stolen at the time of the offense may be sufficient to corroborate an accomplice’s testimony.” Holt v. State, 383 So.2d 895, 896 (Ala.Cr.App.), cert. denied, 383 So.2d 897 (Ala.1980). “An accused’s consciousness of guilt as shown by the evidence may be corroborative.” Jacks v. State, 364 So.2d 397, 405 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala.1978). “Additionally, sufficient corroboration of the testimony of an accomplice may be furnished ... by the suspicious conduct of the accused, and the association of the accused with the accomplice, or by the defendant’s proximity and opportunity to commit the crime.” Jacks, 364 So.2d at 405. Considering the entire conduct of the defendant and applying the above principles, we find that the evidence corroborating the testimony of the accomplice was sufficient in that “it legitimately tends to connect the accused with the offense.” Jacks, 364 So.2d at 404. See also Andrews v. State, 370 So.2d 320, 322 (Ala.Cr.App.), cert. denied, 370 So.2d 323 (Ala.1979).
Ill
The defendant argues that the State should have been required to call Mr. Evans, alias “Peterman”, to testify as to whether it was the accomplice Reese or himself who actually borrowed the truck. This issue was not presented to the circuit court and is not preserved for review. Moreover, there was no request for a continuance. The defendant told the police after his arrest that he “borrowed my friend’s truck, his name is ‘Peter Man.’ ” This is not even similar to the case of Freeman v. Georgia, 599 F.2d 65 (5th Cir.1979), cert. denied, 444 U.S. 1013, 100 S.Ct. 661, 62 L.Ed.2d 641 (1980), cited by the defendant. Freeman involved the deliberate concealment of an eyewitness by an investigating police officer.
The judgment of the circuit court is affirmed.
AFFIRMED.
TYSON, PATTERSON and McMILLAN, JJ., concur.
TAYLOR, J., concurs in result.