**MARTIN v. STATE.  (5 Div. 593.)**

(Court of Appeals of Alabama.   March 16, 1926.   Rehearing Denied Oct. 26, 1926.)

**1. Criminal law ⊚⇒722(2).**

Solicitor's statement in argument to jury, in liquor prosecution, that defendant would sell his country for a dollar if dollar went into his pocket, *held* not error.

**2. Criminal law ⊚⇒772(6)—Refusal of instruction that, if circumstances could be reconciled with guilt of some other, defendant is not shown guilty, held not error, where, if another was involved, defendant aided.**

Refusal of instruction, in liquor prosecution, that, if circumstances could be reconciled with theory that another person might have done act charged, defendant would not be shown to be guilty, *held* not error, where evidence justified inference that, even if whisky was property of defendant's son-in-law, defendant aided and abetted in its concealment and possession.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Jim Martin was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Martin v. State, 110 So. 166.

---

This charge was refused to defendant:

"No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act charged, then the defendant is not shown to be guilty by that high degree of proof the law requires."

T. D. Samford and Barnes & Walker, all of Opelika, for appellant.

Charge 1 is a correct statement, and should have been given. Ballentine v. State, 19 Ala. App. 261, 96 So. 732. The argument of the solicitor was highly improper, and the refusal of the court to exclude same constituted reversible error. Cross v. State, 68 Ala. 476; Allen v. State, 19 Ala. App. 302, 97 So. 165; 4 C. J. 959; Birmingham Ry., Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037. Argument of counsel must be confined to discussion of relevant facts supported by evidence. 4 Michie's Ala. Dig. 313.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Charge 1 was properly refused. Hill v. State, 211 Ala. 311, 100 So. 315; Cunningham v. State, 14 Ala. App. 1, 69 So. 982. The trial court withdrew that part of the oral charge to which exception was reserved, and corrected the statement; the defendant has nothing of which to complain. Forsythe v. State, 19 Ala. App. 669, 100 So. 198; 12 Cyc. 657; Morris v. State. 144 Ala. 81, 39 So. 973; Tanner v. State; 92 Ala. 1, 9 So. 613.

SAMFORD, J. [1, 2] The court refused to give, at the request of defendant in writing, charge No. 1. When the refusal of this charge is error, and when not, has been fully discussed in Tatum v. State, 20 Ala. App. 24, 100 So. 569. In the cited case we said:

"If the evidence points to the commission of a crime in which others might be equally involved with defendant, then such charge would be misleading and properly refused."

Such is the status under the facts in the instant case. The refusal of the charge was not error.

In his argument to the jury the solicitor used this remark:

"He (defendant) would sell his country for a dollar, gentlemen of the jury, if the dollar went into his pocket."

We have held, and we think correctly so, that such a remark as is here quoted would not be sufficient, even if error, upon which to predicate a reversal. We do not, however, think that the refusal of the court to exclude the remark was error in this case. This country and its civilization is founded on its laws enacted by its duly constituted representatives. The stability of the government depends upon the enforcement and observance of the law and each deliberate infraction is, in a sense, a revolt against the "peace and dignity of the state." Every one who violates the law does so with a motive; some, one, and some, another. In the instant case the fair inference to be drawn from the facts is that this defendant was deliberately violating the law of his state and his nation, not by reason of impulse or passion, but for the purpose of profit to himself by engaging in the nefarious business condemned by the law of both the state and nation. The smuggler has ever been the enemy of his country and an outlaw. In opposition to organized government and its laws, he deliberately seeks, for his own profit, to oppose the laws of the land designed to raise revenue. How much more so is he an outlaw who, for profit to himself, will deliberately set himself in opposition to his government in its efforts to enforce laws to drive from the body politic that traffic which strikes at the foundations of the morals of the people. Obedience to law is the highest duty of the citizen, deliberate disobedience to law is an attack upon our state, and it may be well argued in a case justified by the facts that one, who sets himself up in opposition to law that he may derive a profit therefrom, would for a dollar sell his country and its people. The evidence shows a prepared cache, under an outbuilding of defendant and in close proximity to his dwelling, at a place where defendant would, naturally go several times a day; the cache of such proportions as that it required steps to get down into it under the floor of the house; a door in the floor of the house concealed with a layer of cotton seed; 370 gallons of corn whisky in 10-gallon kegs. All these facts taken together tend to convince the minds of reasonable men of the guilt of defendant and to justifying an inference of a stock well kept, carefully concealed and for sale. It is a fact well established by the records of this court that violations of statutes prohibiting the sale and manufacture of liquor have increased to such an extent as to become alarming to those whose desire it is to enforce the criminal law of the state. From the beginning of the spring term, 1922, to October 1, 1924, according to the report of the Attorney General, soon to be published 495 appeals in whisky cases have come to this court. These appeals were not confined to any section, but came from all over the state and in most of them there was evidence of a traffic in whisky suggesting a profit to the seller at the expense of the majesty of the law. Shall the government yield to lawlessness and greed, which strikes at the very fundamentals of all legal rights, the protection of homes, life, and property, or shall these laws be enforced. Enforcement requires and demands a period of education through the medium of the duly constituted authorities. Until courts and juries and the people generally can be im-

pressed with the fact that disobedience to the laws for the destruction of the liquor traffic is an assault on government and civilization, there is little hope of stopping the carnival of the "bootlegger" and the reign of the illicit distiller. The solicitor was well within the bounds of legitimate argument in seeking to impress the jury with the fact that the deliberate and premeditated violation of law for profit is a sale of the country's "peace and dignity."

There were facts in the case justifying the inference that, even if the whisky was the property of defendant's son-in-law, he (the defendant) aided and abetted in its concealment and possession. The general charge of the court on this question was without error.

We find no error in the record, and the judgment is affirmed.

Affirmed.