(117 So. 801)

**CREWS v. STATE.** **(5 Div. 694.)**

Court of Appeals of Alabama. June 30, 1928.

See, also, Crews v. State (Ala. Sup.) 117 So. 801.

Pruet & Glass, of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

SAMFORD, J.  One of the principal state's witnesses was G. W. Thrower. The witness testified to a series of facts which, if true and were believed by the jury, were sufficient to convict the defendant of the offense charged. When N. G. Campbell was being examined as a witness for defendant, he first testified to the good character of the defendant and then to the good character of G. W. Thrower. The state was then permitted to prove by this witness that Thrower had arrested the son of witness on two charges of violating the prohibition law and by another witness this same proof was made and by still another witness that Thrower had helped to catch quite a number of persons charged with making whisky. All of this testimony was over the objection and exceptions of defendant. This testimony was not relevant to any issue involved in this case and should have been excluded. If Campbell had testified to the bad character of Thrower, or if the other parties arrested by Thrower had testified as to his bad character, we could see some relevancy in the testimony as tending to show bias. But Campbell testified to Thrower's good character and none of the others, so far as it appears, testified at all. The only effect of this testimony was to divert the minds of the jury from the real issues, which should never be allowed in any case. Jones v. State, 17 Ala. App. 394, 85 So. 830; Lakey v. State, 206 Ala. 180, 89 So. 605.

The excerpt from the court's oral charge to which exception was taken states a correct proposition of law, so far as it goes, and, when taken and considered along with the entire charge, is free from error.

The refusal of charge 5 as requested by defendant was free from error in this case. In Tatum v. State, 20 Ala. App. 24, 100 So. 569, this court discussed at length charges similar to refused charge 5 and pointed out when such charges should be given, being dependent upon the character of the evidence. In the instant case the charge is properly refused. Latner v. State, 20 Ala. App. 180, 101 So. 522; Perkins v. State, 20 Ala. App. 276, 101 So. 770; Martin v. State, 21 Ala. App. 575, 110 So. 165.

The defendant was charged in one count of the indictment with manufacturing whisky. Under this count he might, under certain phases of the evidence, have been convicted of an attempt to manufacture whisky. When applied to an indictment charging a crime of which there are different degrees, charge 10 requested by defendant is misleading and is properly refused. Crawley v. State, 16 Ala. App. 545, 79 So. 804.

This court did hold in Elliott v. State, 111 So. 762, that a charge similar to refused charge 14 was good and its refusal error. We again had the charge under consideration in Garrison v. State (8 Div. 651), 116 So. 706,[1] where the writer was still of the opinion that the charge was good and should have been

---

[1] Ante, p. 444.

given, but the question was submitted to the Supreme Court, which court held the charge to be bad and properly refused. The Elliott Case is overruled.

■ Refused charge 17 had been approved and its refusal error in the following cases: Fetner v. State (Ala. App.) 113 So. 467;[2] Stevens v. State, 6 Ala. App. 6, 60 So. 459; Brown v. State, 118 Ala. 111, 23 So. 81; Motes v. State, 20 Ala. App. 195, 101 So. 286; Veasey v. State, 20 Ala. App. 478, 103 So. 67.

■ Refused charge 19 is held to be good and its refusal error in McHan v. State, 20 Ala. App. 117, 101 So. 81, and authorities there cited. In the many cases holding to this view there had arisen some uncertainty regarding the rule, until the case of Baxley v. State, 18 Ala. App. 277, 90 So. 434, and Ex parte Baxley, 206 Ala. 698, 90 So. 925, which have since been followed in Dunn v. State, 19 Ala. App. 576, 99 So. 154, Rivers v. State, 20 Ala. App. 500, 103 So. 307, and Jones v. State, 21 Ala. App. 234, 109 So. 189. It is held that, in cases where there are more than one witness testifying to a series of facts, the charge is confusing and misleading and its refusal is not error. Moreover, the authorities being in conflict, the presiding judge of this court propounded the following inquiry to the Supreme Court:

"To the Supreme Court of Alabama.

"Under provisions of section 7311, Code 1923, I hereby certify the following question, as an abstract proposition, to the Supreme Court, as the judges of this court are unable to reach an unanimous conclusion or decision thereon:

"Question: Is the following quoted charge good or bad, in a criminal case, where one or more state witnesses are examined?

" 'The court charges the jury that, if the evidence of the state consist in the statements of a witness, or witnesses, of the truth of which the jury have a reasonable doubt, they cannot convict the defendant on such evidence, although they may not believe the testimony of defendant's witnesses.'        C. R. Bricken,

"Presiding Judge, Court of Appeals.' "

To which response was made as follows:

"To the Honorable Court of Appeal of Alabama:

"Somerville, J. (answering the foregoing inquiry). We are of the opinion that the charge in question is, upon its face, subject to objection, and may be properly refused. We think, also, it could be given without error. The objection to its giving is stated in Koch v. State, 115 Ala. 99, 105, 22 So. 471, 473, where it is said: 'Such a charge is not in keeping with the well established procedure for the proper determination of the issues in a cause, in which a party always invites the jury to believe, and avouches the truth of the evidence he introduces. He may not, therefore, in an instruction he asks, predicate a verdict in his favor upon a disbelief by the jury of his own evidence.' See, also, McConnell v. Adair, 147 Ala. 599, 41 So. 419, and Love v. State (Ala. Sup.) 117 So. 400.

"All the Justices concur."

. ■ It has been held by this court and the Supreme Court that beer containing alcohol is a prohibited liquor within the meaning of the law and under the facts in this case it was for the jury to say whether the defendant made or aided in the making of the beer that was in the still in process of being made into whisky. Charges B, C, and D were properly refused. For the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

