(121 So. 500)

## CULPEPPER v. STATE. (7 Div. 522.)

Court of Appeals of Alabama. April 2, 1929.

Chas. J. Scott, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ▮ The crime charged against this appellant, jointly with several others, was burglary and grand larceny. There were two counts in the indictment. Both offenses are classified as felonies, a conviction for which cannot be had on the testimony of accomplices only. The specific law is that a conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the statute expressly provides if such corroborative evidence merely shows the commission of the offense or the circumstances thereof, this is not sufficient..

In the instant case the evidence without conflict or dispute clearly showed the commission of the offense charged, by some one. In other words, the corpus delicti was fully proven. It appears here that but one question is involved upon this appeal—was there any evidence upon this trial in the court below, other than that given by the two confessed accomplices, which tended to connect this appellant with the commission of the offenses charged?

A careful search and attentive consideration of the evidence as shown by the record before us discloses unquestionably that there was no such evidence, and as a result the judgment of conviction, from which this appeal was taken, cannot be permitted to stand.

▮ The point is properly presented. Not only was the affirmative charge, for defendant, requested and refused, and this was error, but also at the close of the state's case, "the defendant, in open court moved the court to exclude the evidence and instruct the jury to acquit the defendant on the grounds that there is no evidence upon which a conviction should be based in that all the evidence tending to connect the defendant with the offense charged in the indictment is the uncorroborated testimony of accomplices." The court erred in overruling this motion. The grounds of the motion were well stated, and being borne out by the record, it was the duty of the court to sustain the motion. The general rule of evidence is, as to whether

there is any evidence on a given matter is a question for the court. The credibility, weight, or probative force thereof is always for the jury.

We deem further discussion unnecessary. Under the evidence as shown by this record, the accused was entitled to his discharge, and the court should have so held.

The judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.