(127 So. 683)

## CULPEPPER v. STATE.
## 7 Div. 640.

Court of Appeals of Alabama.
Feb. 18, 1930.

Rehearing Denied April 8, 1930.

Chas. J. Scott, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of burglary of a storehouse, etc. Code 1923, § 3479. His punishment was fixed at imprisonment in the penitentiary for an indeterminate term of not less than two, nor more than four, years. This is the second appeal in the case. See Culpepper v. State, ante, p. 104, 121 So. 500.

Appellant's able counsel, in his brief filed on this appeal, makes this statement: "It (the judgment of conviction from which the former appeal was taken) was reversed for lack of corroboration of the testimony of accomplices. This same question is involved in *this* appeal, and is really *all* that *is* involved." His statement is correct.

We find, however, that in the trial, resulting in the judgment of conviction from which *this* appeal is taken, there *was* ample corroborating evidence, to that given by the accomplice, to warrant the conviction.

Appellant, through his counsel, concedes, that "If John Wallace Johnson is such a witness as that his testimony can corroborate the other accomplices (meaning, the other

witnesses for the State, admitted to be accomplices), then it (his testimony) is of such nature as to form corroboration."

The argument is advanced that John Wallace Johnson is, himself, shown to be an' accomplice. But we are not persuaded that he is so shown.

The mere fact that some of the goods shown to have been taken from the storehouse, which was burglarized, were found "between one fourth and half quarter south of Johnson's (John Wallace Johnson) house, down below the pasture, in the edge of a canebrake * * * on Johnson's land," and that a son of John Wallace Johnson was shown to be an accomplice in the burglary, without anything more, and we find nothing more, to connect John Wallace Johnson with the offense, is not enough to fasten on him any disqualification as a corroboratory witness so that a conviction might not be had on his testimony, coupled with the positive testimony of the guilt of appellant given by his accomplices in the crime. The case made by the evidence is patently distinguishable from that dealt with in Motes v. State, 20 Ala. App. 195, 101 So. 286, relied on by appellant.

We find nowhere any prejudicial error, and the judgment of conviction is affirmed.

Affirmed.