(137 So. 536)

## DANIEL v. STATE.

### 4 Div. 797.

Court of Appeals of Alabama.

Nov. 10, 1931.

W. H. Stoddard, of Luverne, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

Indictment for forgery. This appellant was tried and convicted "as charged in the indictment." He was duly sentenced to serve an indeterminate term of imprisonment in the penitentiary of not less than two years or more than three years.

The undisputed evidence in this case disclosed that the check in question was a forgery. Without dispute, also, it was disclosed that this appellant presented this forged check to one Hornsby, who paid him in cash the sum of $9.50, the full amount of the check.

There is no phase of this case which entitled the accused to the affirmative charge so earnestly insisted upon.

Under the law it is not necessary in a case of forgery to show that the defendant actually wrote the document alleged to be forged. If he procured it to be done, or uttered it after it was forged, he would be guilty. That is to say, if the defendant with intent to injure or defraud uttered and published the forged check as genuine, he would be as culpable as if he had written it with his own hand. Koch v. State, 115 Ala. 99, 22 So. 471. Whether he did so or not was for the jury to determine under all the evidence. In the instant case the evidence was in sharp conflict, and that for the state tended to establish his guilt. The court below allowed the accused every opportunity to explain his connection with the admittedly forged check which he procured Hornsby to cash for him, and in this connection no error appears in any ruling of the court. The exceptions reserved can avail the appellant nothing, as it clearly appears his substantial rights were not injuriously affected by any ruling of the court pending the trial of this case in the court below.

The motion for a new trial was properly overruled. It presented no question other than those which arose upon the trial and in which no error appears.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.