42 So.2d 475

## HENDERSON v. STATE.
### 7 Div. 16.

Court of Appeals of Alabama.
June 21, 1949.

Rehearing Denied July 19, 1949.

Leonard Crawford, Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was indicted and convicted for the offense denounced by Title 14, Sec. 5, Code 1940: "Any person who unlawfully takes or decoys away any child with intent to detain or conceal it from its parents, guardian, or other person having the lawful charge of it, or who unlawfully detains any child from its parents, guard-

ian, or other person having lawful charge of it, shall, on conviction, be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than two years."

The evidence for the State tended to show that Willie Faye Kirby—sixteen years of age—was living with her parents and was attending school at Collinsville, Alabama.

The accused had been having frequent dates with the young lady over a period of about three months.

On the evening before the day in question the accused made one of his accustomed visits, and it was then agreed that on the next day the couple would elope and get married. It was planned that Willie Faye would leave school and catch a bus at Collinsville for Gadsden and at the latter city the appellant could join her and they would journey to Rome, Georgia. The defendant gave the young lady a dollar with which to buy a bus ticket for the initial trip.

The couple met in Gadsden as agreed and from there went on the same bus to Rome. The appellant paid the required transportation fare for the two.

After they reached Rome, they went to the home of the defendant's sister. There the accused informed the young lady that he had not secured a divorce from his wife and on this account the planned marriage could not be solemnized. The accused threatened to shoot Willie Faye if she attempted to carry out her expressed intention of returning to her home. The couple spent the night in the home of appellant's sister, and the next afternoon Mr. Kirby went to Rome and got his daughter.

Appellant admitted that he had been having dates with Willie Faye. He denied that they agreed on any elopement plans and that he furnished the indicated bus fare. He testified that he did not meet the young lady in Gadsden and that they did not travel on the same bus to Rome. He stated that he happened to see Willie Faye on the streets of the Georgia city and after attending a picture show the two spent the

night with his sister. He denied that he in any manner threatened the young lady. The State did not contend, nor does the evidence warrant the conclusion, that the couple occupied the same bed on the night they were in Rome.

The prosecution made proof that the elopement was against the consent and knowledge of the girl's parents.

It is clear that we have irreconcilable conflicts in the evidence.

■ Willie Faye, not having reached her majority, came within the protective influence of the statute. Wade v. State, 24 Ala.App. 176, 132 So. 71; Garrison v. State, 15 Ala.App. 596, 74 So. 726.

■ In approaching a review of the propriety of the refusal of the general affirmative charge in appellant's behalf, we are required to take the evidence in its most favorable light for the prosecution. Jones v. State, 33 Ala.App. 451, 34 So.2d 483.

■ Applying this rule we encounter no difficulty in concluding that a jury question was posed by the evidence and that the affirmative charge was not due the accused.

■ We are equally convinced that we should not disturb the judgment of the lower court in his action in overruling the motion for a new trial. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Vernon v. State, 239 Ala. 593, 196 So. 96.

■ There was no error in allowing the young lady to testify that the appellant furnished her money with which to buy a bus ticket from Collinsville to Gadsden. This was material on the question of his active participation in the elopement plans.

■ The court properly permitted the State to prove that the accused told Willie Faye that he did not have a divorce, and in reply she stated that she was going back home.

■ This related to events and conversations connected with the elopement. It occurred between the couple after the

journey was initiated and before the separation on the following day. The matter of the intent of the accused was a material inquiry. Any evidence which supported the proof of this element was competent.

It appears that while at school and just before she left for Gadsden Willie Faye wrote a note to her mother. Mrs. Kirby received the message late in the afternoon of the day it was written.

Over objections, the State introduced the note in evidence. The message therein contained was:

"Dear Mother

"Eark and I are going to be married and I will see you'll in a few day
"Love
"Faye"

■ If there was error in this ruling, it would not authorize a reversal of the judgment below. The information contained in the note was in complete accord with the girl's oral testimony. In fact, appellant's counsel on cross-examination of Willie Faye inquired about the letter and proved its contents.

Appellant admitted that he paid a fine in the City of Gadsden for some infraction of the law and was given a receipt evincing the payment.

Willie Faye testified that while they were journeying to Rome from Gadsden on the bus the defendant gave her this receipt, and also turned over to her the two stubs from the bus tickets. All of these she kept and later gave them to her father.

Over objections, the State introduced these three articles.

As we have indicated, the defendant denied that he saw the young lady in Gadsden or that they went on the same bus to Rome.

The introduction of these exhibits came after the defendant had testified and made the denials we have noted.

■ Clearly the bus ticket stubs were admissible. This proof had a causal connection and logical relation to material factual issues.

■ We hold that the introduction of the receipt, under the circumstances disclosed, was pertinent in rebuttal to the appellant's denial that he saw Willie Faye on the bus. Of course, the stubs were admissible also in this aspect.

On cross-examination of appellant's witnesses, counsel interposed many objections, most of which were overruled. We have given due consideration to these rulings, and we do not find in any of them that the court abused his discretion in the matter. Harbin v. State, 15 Ala.App. 57, 72 So. 594; Sov. Camp W.O.W. v. Davis, 242 Ala. 235, 5 So.2d 480.

■ On several occasions during the progress of the introduction of the evidence, appellant's counsel objected to questions after answers were made. In this state of the record our review is not invited. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

The solicitor did not go out of the record in his argument to the jury in the portion thereof to which the appellant objected.

Counsel "objected" to a part of the court's oral charge.

■ We have held that an objection in this aspect is not equivalent to an exception. Roberson v. State, 25 Ala.App. 270, 144 So. 371; Garrett v. State, 33 Ala. App. 168, 31 So.2d 151.

■ Be this as it may, the exception attempted was in general terms and descriptive only. This does not meet the demands of the rule. Corder v. State, 32 Ala.App. 584, 28 So.2d 651; J. R. Watkins Co. v. Coggans, 242 Ala. 222, 5 So.2d 472.

■ The judgment entry fails to comply with the mandates of Title 15, Sec. 342, Code 1940, in respect to the proper sentence for the costs. Nickens v. State, 31 Ala.App. 297, 15 So.2d 633; Tuggle v. State, 19 Ala.App. 539, 98 So. 700.

It is not infrequent that we are required to remand causes for proper sentence or delay submission to afford opportunity to correct the record. This is another such case.

The judgment of the lower court is ordered affirmed. The cause is remanded for proper sentence.

Affirmed. Remanded for proper sentence.

BRICKEN, P. J., not sitting.

On Rehearing

CARR, Judge.

In brief on application for rehearing counsel states:

"In all fairness to the appellant, we respectfully request that this Court set out in an extended opinion that part of the record that shows about the questions and answers relative to the note or letter, page 23 of the transcript, and also, we respectfully request that the Court also set out the receipt from the clerk of the criminal court in Gadsden, where the appellant admitted that he paid a fine in another case that was in no way connected with this case."

We do not hesitate to respond to this request.

The first reference to the note in question appears in the cross-examination of State's witness Willie Faye Kirby. We quote the questions and answers incident thereto:

"Q. You had told your father before that you were going to get married? A. No, sir, I wrote a letter to mother.

"Q. When did you write this letter? A. Friday.

"Q. From school? A. Yes.

"Q. You wrote her a letter before you left? A. Yes, sir.

"Q. What did you tell her in the letter? A. Told her I was going to get married.

"Q. You told her you and Erskine were going to get married? A. Yes, sir.

"Q. Did you tell her where you were going? A. No, sir.

"Q. Did you tell her when you were coming back? A. No, sir.

"Q. You just told her you were going to get married? A. Yes, sir.

"Q. Did you mail it or send it? A. I gave it to a girl in my room to give to my sister.

"Q. To take home, and you say your father knew about it? A. Yes."

On redirect examination the same witness, without objections, reiterated in substance what she testified on cross-examination as indicated above.

The girl's mother was then introduced as a witness, and after she identified the letter as being in the handwriting of her daughter and gave an account of having received it, the note was introduced in evidence.

The objections to the introduction of the exhibit were: "We object to the introduction of the note and envelope because is a matter not in dispute and because it is irrelevant, incompetent and immaterial; and it is self-serving, hearsay and would shed no light on the guilt or innocence of the defendant."

As we stated in the original opinion, the receipt from the clerk of the court was tendered in evidence after the defendant had offered his evidence, and came in the State's rebuttal testimony. The receipt is, as follows:

Case No.

6811

The State of Alabama

v.

Erskin Henderson

County Court
Etowah County

"No. 103

Date        2/6        1948

Received of Deft. ..............................

Twenty Seven    Dollars    50    Cents

being        Fine & Cost

| Dollars | 50 |
|---|---|
| 27 | Cents |

Howard Kerby

Clerk"

Appellant's counsel objected to the introduction of the document on the general grounds and further that it had a tendency to prejudice the mind of the jury against the defendant.

It should be noted also that the appellant admitted having received the receipt from the clerk, but he denied that he gave it to Miss Kirby. The young lady testified that he did and this is how it came into her possession.

We adhere to our former conclusions as expressed in the original opinion.

The application for rehearing is overruled.

BRICKEN, Presiding Judge, not sitting.