79 So.2d 75

Edgar **WINN**

v.

**STATE.**

**8 Div. 479.**

Court of Appeals of Alabama.

Nov. 30, 1954.

Rehearing Denied March 29, 1955.

Thos. C. Pettus, Moulton, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted in the County Court of Lawrence County for Sunday gaming, an offense denounced by Section 420 of Title 14, Code 1940, and a fine of $10 assessed against him.

The evidence for the State consisted of the testimony of the Lawrence County Sheriff, who testified that on Sunday, February 1, 1953, he and a deputy found defendant and four other men shooting dice in the hallway of a barn located on a farm near Moulton. There were two barns on the farm and the sheriff stated he saw the dice game standing in one barn and looking into the other.

The defense testimony tended to show that when found by the officers appellant and the others were shucking corn preparatory to feeding the hogs and a denial that they were shooting dice.

Exceptions were reserved to two portions of the court's oral charge. The exceptions are stated in this manner: "The part of the Judge's oral charge where the Judge stated that the Defendant was a colored person and made reference to the defendant's race, and conditions and to the part where the Judge stated, 'If you find from the evidence he is not guilty, you will find him not guilty,' because it should be, 'if you are not convinced beyond a reasonable doubt of his guilt, you will find him not guilty.'"

The first exception was merely descriptive and by reference only, and is not sufficiently specific to meet the requirements of the rule. McGhee v. State, 178 Ala. 4, 59 So. 573; Kelley v. State, 226 Ala. 80, 145 So. 816; Henderson v. State, 34 Ala.App. 554, 42 So.2d 475, certiorari denied 252 Ala. 602, 42 So.2d 480.

As to the second exception, the record discloses the exact words of the Judge to be as follows: "But if you find him not guilty, the form of your verdict would be," etc., which statement of course was not objectionable. The court had already charged on the burden of proof.

The conflict in the evidence made a question for the jury to determine, therefore, the affirmative charge was properly refused.

Requested charge 7 does not materially differ from the charge considered by the Supreme Court, under a certified question from this court, in Crews v. State, 218 Ala. 145, 117 So. 801, 803. In answering our inquiry the court stated: "'We are of the opinion that the charge in question is, upon its face, subject to objection, and may be properly refused. We think, also, it could be given without error.'" See also Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564, certiorari denied 251 Ala. 129, 36 So.2d 571.

Requested charge 6 was abstract. It refers to "her" testimony for the State. The only witness for the State was the sheriff.

We have not been favored with a brief on behalf of appellant—but we have searched the record, as we are required to do, and have found no reversible error.

The jury returned a general verdict of guilt and the court imposed a fine of $10. Where the verdict of the jury fails to fix a fine, under Section 336, of Tit. 15, Code 1940, the court is without power to punish by fine. Harkey v. State, 13 Ala. App. 201, 68 So. 698; Spicer v. State, 105 Ala. 123, 16 So. 706; Caldwell v. State, 32 Ala.App. 228, 23 So.2d 876.

The judgment of conviction is ordered affirmed but the cause is remanded for proper sentence.

Affirmed, but remanded for proper sentence.