194 So.2d 575

**Bobby Ray MICHAEL**

v.

**STATE.**

**8 Div. 59.**

Court of Appeals of Alabama.

Jan. 24, 1967.

John Higginbotham, Florence, for appel-
lant.

Richmond M. Flowers, Atty. Gen., and
Walter S. Turner, Asst. Atty. Gen., for the
State.

JOHNSON, Judge.

On September 3, 1965, appellant and one Ruth Roberts were charged by indictment jointly with forgery in the second degree. On March 10, 1966, appellant, represented by counsel, was tried after a plea of not guilty and was found guilty as charged by a jury. He was adjudged guilty by the court and sentenced to eighteen months in the State penitentiary as punishment for this offense. It is from this judgment that he makes this appeal.

The evidence reveals the following: On September 23, 1965, appellant was at the home of Ruth Roberts for the purpose of using her telephone and while there Mrs. Roberts said that she was going to Wilson's Food Center for some groceries. Appellant had in his possession a check which he gave to Mrs. Roberts and asked her to have it cashed at the Food Center. Mrs. Roberts then called the Food Center and asked if they would cash the check. The check was made payable to Bobby R. Michael and allegedly signed by F. R. Stovall, a local builder-developer. There is conflicting evidence as to whether or not the appellant endorsed the check at that time. When Mrs. Roberts arrived at the Food Center with the check, she was approached by a store employee, Mrs. Gertrude Wilson, who immediately suspected that the signature was not that of F. R. Stovall. She called Mr. Stovall who immediately came to the store and denied that the signature on the check was his. Florence police were summoned and arrived shortly before Mr. Stovall. During this time Bobby R. Michael was at the home of Mrs. Ruth Roberts.

Appellant contends that nowhere in the record is there evidence of an actual uttering or publishing by him of the forged instrument and that the attempt to negotiate such forged check to the store clerk was by someone other than himself.

We here observe testimony sufficient to create a jury question of culpable participation, through an intermediary by the appellant, in the crime here charged. Daniel v. State, 24 Ala.App. 534, 137 So. 536.

Appellant also charges as error the refusal of the trial court to give two written requested charges, the first of which regards presumption of innocence, and is as follows:

"I charge you, gentlemen of the jury that in this case as in all criminal cases, the defendant is presumed innocent until proven guilty and that if by any reasonable construction of the evidence in this case someone other than the defendant could have or might have done the things with which the defendant is charged, then it is your duty to give the defendant the benefit of the doubt and find him not guilty."

The above charge was fully covered in the court's oral charge, which was given at the request of the appellant.

The second refused charge which appellant assigns as error is as follows:

"I charge you, gentlemen of the jury, unless you believe beyond reasonable doubt from the evidence that the defendant himself uttered and published the purported instrument as a check, knowing it to be forged, then you must find the defendant not guilty."

In view of the prosecution's theory of joint action by appellant and Mrs. Roberts, this charge was abstract.

There was ample proof to create a jury question that the instrument was uttered by appellant with intent to defraud.

For the foregoing reasons, this cause is due to be and the same is hereby

Affirmed.