DeCARLO, Judge
(dissents).
In deference to an excellent opinion written by my learned brother, I would respectfully suggest that this case be affirmed and the cause remanded for proper sentence.
From the opinion, we see that the jury returned a general verdict and under Winn v. State, 38 Ala.App. 156, 79 So.2d 75, this court could affirm and remand for proper sentence.
Under T. 15, § 336, Code of Alabama 1940 (Recompiled 1958), the trial court had authority after a general verdict to pronounce punishment but not a fine. Here the judge assessed a fine which was transposed into comparable time when the fine could not be paid.
The facts in Winn, supra, are somewhat similar to the ones outlined here. In Winn we have a conviction for gaming on Sunday. There the jury returned a general verdict of guilt and the judge imposed a fine of $10.
Judge Price wrote, as my brother has written here, that the court was without authority to assess a fine but determined the case should be affirmed and the cause remanded for proper sentence.
Mindful of the danger that this meager effort may be understood to be presumptuous, I urge my brothers to affirm and remand for proper sentence.
*264 In view of the foregoing, I respectfully dissent.