HARRIS, Presiding Judge.
Appellant was convicted of burglary in the first degree and the jury fixed his punishment at fifteen years in the penitentiary. Throughout the proceedings in the trial court he was represented by retained counsel and at arraignment pleaded not guilty. After sentence was imposed he gave notice of appeal. He was found to be indigent and he was furnished a free transcript. New counsel was appointed to represent him on this appeal.
The State presented ample evidence to make out a case of burglary in the first degree. Appellant did not testify but offered alibi testimony.
Paula Mize, the complainant in this case, testified that her apartment on Dauphin Street in Mobile was broken into on two occasions — May 2, 1977, and July 18, 1977. The first incident occurred at approximately 3 o’clock in the morning. Mrs. Mize heard a noise, sat up in bed, and saw someone crawling through the bedroom window. When Mrs. Mize asked who it was, a man replied, “It is just me.” Mrs. Mize asked if he wanted money and the man replied no, that he wanted to have sexual intercourse with her. Following a brief struggle, during which Mrs. Mize began to scream loudly, the assailant fled.
At about 5 o’clock on the morning of July 18, 1977, Paula Mize testified, she “woke up with a man’s finger inside of [her] vagina ..” She looked up and saw the man who had entered her room on May 2, 1977. One of her halter tops was draped around the man’s neck. Mrs. Mize further testified that she began to struggle and that the man struck her in the mouth, cutting her lip. Shortly after this, Mrs. Mize pulled herself from under her assailant and the man jumped from the bed and went through a window. As her assailant dove out the window, Mrs. Mize pulled a shoe from his foot. Subsequently, police stated that it would be impossible to prove that the shoe belonged to her assailant.
Prior to her going to bed that night, the apartment was secure according to the testimony of Mrs. Mize. All the windows in the apartment were latched with safety locks. Mrs. Mize positively identified appellant who lived with his mother next door to Mrs. Mize. Mrs. Mize testified that she was able to identify appellant because a mercury vapor light in the parking lot of another apartment building shone through her bedroom window.
Robert Moore testified that he was a detective sergeant for the Mobile Police Department. On July 20, 1977, Paula Mize contacted him, telling him that she had seen the man who assaulted her washing a car next door. Subsequently, Moore prepared an array of photographs, which included a picture of appellant. When Moore showed Mrs. Mize the pictures, she picked appellant’s photograph without any hesitation. Appellant was arrested at the home of his mother. Appellant’s mother had moved to a new residence shortly after the second attack on Mrs. Mize.
Following the testimony of Sergeant Moore, the State rested. Appellant moved to exclude the State’s evidence on the ground that a prima facie case was not established. This motion was denied.
Patricia Ann Wilkinson testified in behalf of the defense. Mrs. Wilkinson testified that appellant was employed by her from May through August of 1976. Appellant worked on rental properties, owned by Mrs. Wilkinson, in Pensacola, Florida. She further testified that she wouldn’t have any idea where appellant was on May 2 or July 18, 1977. At the time appellant worked for her she knew him by the name of Buddy Yost and she did not know his correct name until she came to court as a witness.
*1167 Edna Holifield testified that she had lived with appellant for three and a half years as his common-law wife. She further testified that she and appellant lived in Pensacola, Florida, from the last of April through the last of July of 1977. Appellant left Pensacola only once, Holifield testified, to visit his sister on July 4, 1977, in Mobile, Alabama.
Willis Robinson testified that he owned the apartment in which Paula Mize lived. Paula Mize called Mr. Robinson on two occasions to report a burglary and requested that screens be installed on some windows. On the second occasion, Robinson testified, he saw Mrs. Mize at the apartment but he did not see any bruises or cuts on her. Robinson further testified that the window in her bedroom was about half open and the screen was off that window.
Burglary in the first degree is the unlawful and intentional breaking and entry in the nighttime into a dwelling house presently occupied, with the intent to commit a felony. Reeves v. State, 245 Ala. 237, 16 So.2d 699. The testimony of Paula Mize clearly establishes each of these elements. As to the alibi of appellant, a question for the jury was presented. Freeman v. State, Ala.Cr.App., 350 So.2d 768.
Appellant requested the following written charge:
“DEFENDANT’S REQUESTED JURY CHARGE NO. 6.
“I charge you, members of the jury, that if the evidence of the State consists in the statements of witnesses, the truth of which the jury have a reasonable doubt, you cannot convict on such evidence, although you may not believe the testimony of the defendant’s witnesses.”
The trial court refused to give this charge. Appellant contends that such refusal was improper in light of his alibi defense and the testimony of Robinson who stated that he saw no sign of forcible entry. Appellant relies on McDaniels v. State, 162 Ala. 25, 50 So. 324; Kilgore v. State, 19 Ala.App. 181, 95 So. 906; and Segars v. State, 86 Ala. 59, 5 So. 558.
In Segars, supra, defendant was indicted and convicted of carrying a concealed weapon. The State’s sole witness was impeached by proof of contradictory statements. In reviewing the refusal of the requested charge in question, the Supreme Court, reversing the conviction, held:
“ . . . In a criminal case, a prima facie case of guilt does not generally rebut the presumption of innocence, or shift the burden of proof. Until the state proves, in the first instance, beyond a reasonable doubt, the facts which constitute the offense, the accused is not required to establish his innocence by exculpatory evidence. The jury are not authorized to find the defendant guilty on the evidence, of a single witness, upon whose testimony the question of guilt depends, if they have a reasonable doubt of the truth of his statements. Washington v. State, 58 Ala. 355. The evidence on the part of the defendant being wholly exculpatory, the effect of refusing the charge is to shift the burden of proof, on a prima facie case of guilt being made by the prosecution.”
However, refused charge number 6 has subsequently been held properly refused. The issue was resolved adversely to appellant in Crews v. State, 218 Ala. 145, 117 So. 801, answer conformed to, 22 Ala.App. 564, 117 So. 801. In that case, Presiding Judge Bricken of the Court of Appeals certified the question to the Supreme Court. The following response was made:
“SOMERVILLE, J. (answering the foregoing inquiry.) We are of the opinion that the charge in question is, upon its face, subject to objection, and may be properly refused. We think, also, it could be given without error. The objection to its giving is stated in Koch v. State, 115 Ala. 99, 105, 22 So. 471, 473, where it is said:
“ ‘Such a charge is not in keeping with the well-established procedure for the proper determination of the issues in a cause, in which a party always invites the jury to believe, and avouches the truth of the evidence he introduces. He may not, *1168 therefore, in an instruction he asks, predicate a verdict in his favor upon a disbelief by the jury of his own evidence.’
“See, also, McConnell v. Adair, 147 Ala. 599, 41 So. 419, and Love v. State (Ala.Sup.) 117 So. 400.”
Since that time the charge has been consistently held to be properly refused. Green v. State, 263 Ala. 324, 82 So.2d 418; Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564, certiorari denied 251 Ala. 129, 36 So.2d 571; Chastain v. State, 36 Ala.App. 186, 54 So.2d 623, certiorari denied 256 Ala. 280, 54 So.2d 629; Winn v. State, 38 Ala.App. 156, 79 So.2d 75; Thomas v. State, 57 Ala.App. 320, 328 So.2d 321.
A fact may be established as firmly by the testimony of one witness as by the testimony of an entire community. Smith v. State, Ala.Cr.App., 338 So.2d 1030; Freeman v. State, Ala.Cr.App., 350 So.2d 768.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.